## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLEN ARTHUR WEITHERS, | : | Civil No. 3:19-cv-1696 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, YORK COUNTY PRISON, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

On September 30, 2019, *pro se* Petitioner Glen Arthur Weithers ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued pre-final order of detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), without a bond hearing.   (Doc. 1). Following an Order to show cause (Doc. 3), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. 4).   A traverse was filed on November 20, 2019. (Doc. 5).   On March 5, 2020, Respondent filed a Notice of Change in Detention Status and Suggestion of Mootness, claiming Petitioner's custody shifted to post-final order detention status.   (Doc. 6).   Petitioner has filed neither a reply, nor a motion seeking an extension of time to do so.   Accordingly, Petitioner's § 2241 petition is ripe for disposition.   For the

1

reasons that follow, the Court will dismiss the instant petition for writ of habeas corpus

challenging his pre-final order of detention and in light of Petitioner's shift to post-final order

status in the immigration proceeding on January 16, 2020, find any further order premature.

I.    Background

On August 13, 1988, Weithers, a native and citizen of Guyana, was admitted to the

United States as a Lawful Permanent Resident.   (Doc. 4-1 at 3-8, Record of

Deportable/Inadmissible Alien).   Weithers' criminal history, which is comprised of eight

convictions, is set forth in the Record of Deportable/Inadmissible Alien, attached as exhibit 1

to Respondent's Response to Petition for Writ of Habeas.   (*Id.*).

ICE encountered Weithers while he was incarcerated in SCI Camp Hill due to his

April 23, 2018 conviction for DUI: High Rate of Alcohol – 4th or Subsequent.   (*Id.*).   Upon

his release from State Custody, ICE took Weithers into custody and issued a Notice to

Appear in January, 2019.   (Doc. 4-1 at 9, Notice to Appear).   ICE charged Weithers as

removable from the United States pursuant to Section 237(a)(2)(B)(i) of the Immigration and

Nationality Act (8 U.S.C. § 1227) because, after his admission, he was convicted of violating

a law related to a controlled substance, i.e. a March 29, 2016 conviction for Controlled

Substance by a Person Not Registered (Cocaine).

On April 30, 2019, the immigration judge denied Weithers' application for

cancellation and ordered him removed from the United States.   (Doc. 4-1 at 16, Removal

Order).

On May 24, 2019, Weithers appealed the Immigration Judge's decision to the Board of Immigration Appeals. (Doc. 4-1 at 23, Appeal Receipt).

By Notice dated July 19, 2019, the BIA approved an enlargement of the briefing schedule. (Doc. 4-1 at 26, Notice).

On September 30. 2019, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1, petition). At the time of filing the instant petition, Weithers' appeal before the BIA remained pending.

On January 16, 2020, the BIA denied Weithers' appeal. (Doc. 6).   Weithers had thirty days to file a Petition for Review with the Third Circuit.   He failed to do so.

## II.   Discussion

"Generally speaking, 8 U.S.C. § 1226 governs pre-removal order detention of aliens while 8 U.S.C. § 1231 governs post-removal order detention of aliens." *Samba v. Lowe*, No. 3:18-cv-662, 2020 WL 599839, at *2 (M.D. Pa. Feb. 7, 2020). In the instant case, when Petitioner filed his § 2241 petition, his detention was governed by § 1226(c), because his order of removal was not administratively final. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012) (noting that "§ 1231 cannot explain nor authorize detention during a stay of removal pending further judicial review"), *abrogated in part on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).   However, as noted above, because Weithers failed to

file a petition for review before the United States Court of Appeals for the Third Circuit, the

denial of his BIA appeal triggered the start of the removal period on January 16, 2020.

Weithers detention shifted on that date to post-final order detention status pursuant to §

241(a) of the INA, 8 U.S.C. § 1231(a); *see also Leslie*, 678 F.3d at 270.   Accordingly,

Petitioner is now subject to a final order of removal, and his detention is, therefore,

governed by § 1231.   *See Samba*, 2020 WL 599839, at *2; *Labarriere v. Doll*, No. 4:19-cv-

309, 2019 WL 6875624, at *2 (M.D. Pa. Dec. 17, 2019).   Thus, to the extent Petitioner

seeks a bond hearing to challenge his detention pursuant to § 1226(c), his § 2241 petition

must be denied as moot.   *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012)

(holding that habeas challenge to pre-final order of detention was rendered moot when

individual shifted to post-final order detention status); *Saini v. Lowe*, No. 4:18-cv-1546, 2019

WL 1247529, at *2 (M.D. Pa. Feb. 22, 2019), *report and recommendation adopted*, 2019

WL 1239873 (M.D. Pa. Feb. 22, 2019).   Nonetheless, given Petitioner's *pro se* status and

continued detention, the Court will consider whether he is entitled to a bond hearing to

review his continued detention under § 1231.

Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section,

when an alien is ordered removed, the Attorney General shall remove the alien from the

United States within a period of 90 days."   *See* 8 U.S.C. § 1231(a)(1)(A).   During this

ninety (90)-day period, "the Attorney General shall detain the alien.   Under no circumstance

during the removal period shall the Attorney General release an alien who has been found

... deportable under section 1227(a)(2)."   *See id.* § 1231(a)(2).   After the ninety (90)-day

period has expired, the alien may be held in continued detention, or may be released under supervision.   See id. § 1231(a)(3), (6).   In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court concluded that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.   It does not permit indefinite detention."   *See id.* at 699.   Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute."   *See id.*   To establish a uniform baseline, the Court noted that a period of six (6) months is a "presumptively reasonable period of detention."   *See id.* at 701; *see also Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 226 (3d Cir. 2018) (concluding that the Due Process Clause of the Fifth Amendment prohibits prolonged detention under § 1231 without a bond hearing and adopting a six (6)-month rule that an alien detained under § 1231 "is generally entitled to a bond hearing after six months (i.e., 180 days) of custody").

The BIA denied Petitioner's appeal on January 16, 2020.   (Doc. 6).   Accordingly, the ninety (90)-day removal period commenced at that time.   His period of mandatory detention expired on April 15, 2020, and his presumptively reasonable six months of detention began.

As explained by Respondent (Doc. 6, at 2 n.2), in *Guerrero-Sanchez*, the Third Circuit invoked the canon of constitutional avoidance to find that the construction of § 1231(a)(6) entitles an alien facing prolonged detention to release on bond unless the government establishes by clear and convincing evidence that the alien poses a flight risk or danger to the community.   905 F.3d at 226.   Relying on the principals of *Zadvydas* where

the Supreme Court adopted a presumption that aliens could be reasonably detained without

a hearing for six months, the Court then adopted a six-month rule for aliens detained under

§ 1231(a)(6).   *Id.*   Thus, before a bond hearing becomes necessary, the government may

detain an alien subject to a reinstated order of removal where the alien's detention has not

been prolonged or where the alien's removal is not imminent, for a period of six months.

*Id.*   The Court further held that the bond hearing requirement is necessary for all aliens held

pursuant to § 1231(a)(6) whose detention has become prolonged and is "expected to

continue more than minimally beyond six months."   *Id.* (quoting D*iouf v. Napolitano,* 634

F.3d 1081, 1092 n13 (9th Cir. 2011).

However, here, Weithers has been detained pursuant to § 1231(a) for only three

months, such that *Guerrero* is inapplicable at this stage of the proceedings. Thus,

petitioner's § 2241 petition must be dismissed because his challenge to his detention under

§ 1231 is premature at this time. *See Gekara v. Lowe,* No. 3:17-cv-1693, 2018 WL 837599,

at 2 (M.D. Pa. Feb. 12, 2018) (finding that "[a] petition filed before the expiration date of the

presumptively reasonable six months of detention is properly dismissed as premature");

*Samba,* 2020 WL 599839, at *3 (concluding same).

III.   <u>Conclusion</u>

Based on the foregoing discussion, Weithers' petition for writ of habeas corpus will be dismissed as premature.   A separate Order shall issue.


Dated: April 22, 2020                                             *s/ Robert D. Mariani*
                                                                  Robert D. Mariani
                                                                  United States District Judge